UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : |
| *Plaintiff*, | : Case No. 1:22-cv-680 |
| vs. | : |
| NADEEM QURESHI, *et al.*, | : Judge Jeffery P. Hopkins |
| *Defendants*, | : |

**OPINION AND ORDER**

On November 17, 2022, Plaintiff Total Quality Logistics, LLC ("TQL"), filed this action seeking monetary and injunctive relief from Defendant Nadeem Qureshi ("Qureshi"). Doc. 1. TQL then filed an amended complaint adding other defendants on December 7, 2022. Doc. 12. As of today's date, all defendants except Qureshi have been dismissed from the matter.

Despite its efforts, TQL has not been able to serve Qureshi because he fled to Pakistan not long after this suit was filed. As such, TQL filed a Motion for Order Authorizing Alternative Service on Defendant Qureshi on September 19, 2023. Doc. 52. This matter is now ripe for determination of whether the requirements for diversity jurisdiction have been met.

**I.  LAW AND ANALYSIS**

This is not the first case in which a plaintiff in this Court has sought an alternative method of service for persons that fled from the United States to Pakistan. *See, e.g., Eversole v. Durrani*, No. 1:18-cv-856, 2019 WL 5846974 (S.D. Ohio Apr. 16, 2019) (granting request for

alternative method of service, including email); *Med. Protective Co. v. Ctr. for Advanced Spine Techs., Inc.*, No. 1:14-CV-005, 2014 WL 12653861 (S.D. Ohio Jan. 13, 2014) (granting request for alternative service via email).

Federal Rule of Civil Procedure 4(f) provides the following:

Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or]

\* \* \*

> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). The only provision at issue here is subsection (f)(3).[1] The two requirements for alternative service under Rule 4(f)(3) are that service must: (1) be directed by the court; and (2) not prohibited by international agreement. *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013) (citation omitted)). "Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* (cleaned up).

"The chosen method [of alternative service] must comport with constitutional notions of due process, namely that the service of process be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an

---

[1] The United States and Pakistan are both signatories to the Hague Convention on service. *See Hague Convention on the Service Abroad*, U.S. Marshals Service, https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/hague-convention-service-abroad (last visited May 20, 2024). TQL states that the provisions of the Hague Convention are not usable here because Qureshi's current whereabouts and address in Pakistan are not available. Doc. 52, PageID 644.

opportunity to present their objections." *Id.* (quotation omitted). A court determines, in its discretion, whether the facts and circumstances of the case warrant an order of alternative service. *Id.* (citations omitted). Other courts have found that email service is not prohibited by the Hague Convention, and a court may order service by email as an alternative method of service pursuant to Rule 4(f)(3), when appropriate. *Id.* at 175 (collecting cases).

TQL has demonstrated that the circumstances of this case warrant an order authorizing alternative service by email on Qureshi. TQL lacks a physical address for Qureshi in Pakistan, or elsewhere, so there is no means by which personal service can be made. Doc. 52, PageID 643. TQL, as Qureshi's former employer, has previously and successfully contacted him by email. *Id.* at PageID 643–44, 648. The Court is satisfied that the requested alternative service by email is reasonably calculated to reach Qureshi and comports with due process. Accordingly, the Court finds that this case warrants the exercise of its discretion to order alternative service by email on Qureshi under Fed. R. Civ. P. 4(f)(3).

**II.    CONCLUSION**

Based upon the foregoing, TQL's motion (Doc. 52) is **GRANTED**. It is hereby **ORDERED** that TQL is authorized to serve Defendant Nadeem Qureshi, with the summons, complaint, and all future filings, including this Order, in Pakistan at the email address indicated in its motion within seven (7) days of the date of this Order.

**IT SO ORDERED**

May 31, 2024

Jeffery P. Hopkins
United States District Judge